SCOTT S. SHEPARDSON (State Bar No. 197446)
sshepardson@ongaropc.com
KIRSTEN MCNELLY BIBBES (State Bar No. 276308)
kbibbes@ongaropc.com
JAVIER GARCIA (State Bar No. 338882)
jgarcia@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950
E-Service Email: HMAe-service@ongaropc.com

Attorneys for Defendant
HYUNDAI MOTOR AMERICA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ANGELICA VIERRA,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>[Removed from Contra Costa Superior Case No. C26-03428]<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331, 1441(a), AND 1446**<br><br>Complaint Filed: October 8, 2026 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant HYUNDAI MOTOR AMERICA ("HMA" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. Removal is based on federal question jurisdiction: Plaintiff's fourth cause of action arises under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. HMA reserves all defenses, objections, and rights.

## I. <u>STATEMENT OF JURISDICTION</u>

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's fourth cause of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. Exhibit A, Complaint, ¶¶ 52-62. The action may therefore be removed to this Court under 28 U.S.C. § 1441(a). *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (a defendant may remove any civil action that could originally have been brought in federal court).

2. Under the Magnuson-Moss Warranty Act, a claim may be brought in federal court if the amount in controversy is at least $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined. 15 U.S.C. § 2310(d)(3)(B).

3. This Court has supplemental jurisdiction over Plaintiff's state-law causes of action pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as Plaintiff's Magnuson-Moss claim. All four causes of action arise from Plaintiff's acquisition of the same vehicle and the same alleged defects, malfunctions, and nonconformities, and the Magnuson-Moss claim incorporates every preceding allegation of the Complaint. Exhibit A, ¶¶ 7, 15, 52.

4. As set forth below, this case meets the requirements for removal and is properly removed by Defendant's filing of this Notice of Removal of Action to Federal Court ("Notice").

## II. STATUS OF THE PLEADINGS AND VENUE

5. On October 8, 2026, Plaintiff Angelica Vierra filed a Complaint against HMA in the Superior Court of the State of California for the County of Contra Costa entitled *Angelica Vierra v. Hyundai Motor America, et al.*, Case No. C26-03428 (the "Complaint"). True and correct copies of the Complaint and Summons, and of the other documents served with them, are attached as Exhibits A and B to the Declaration of Kirsten McNelly Bibbes ("Bibbes Decl.") filed concurrently herewith. Bibbes Decl. ¶¶ 2-3, Exhs. A-B.

6. The Complaint asserts four causes of action, each of which is described below. Exhibit A, Complaint, ¶¶ 8-62.

7. On October 21, 2026, Plaintiff served Defendant, through its registered agent for service of process, with the Summons and Complaint.

8. HMA is the only named defendant and the only defendant that has been served in this action. The remaining defendants are fictitiously named Doe defendants, whose joinder in or consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A).

9. HMA has not filed an answer or other responsive pleading in the Contra Costa County Superior Court, and no other proceedings have taken place there. Bibbes Decl. ¶ 4.

10. Other than the documents attached as Exhibits A and B to the Bibbes Declaration, no process, pleadings, or orders have been served on HMA or filed in the state court action. Bibbes Decl. ¶ 5.

11. The Complaint was filed in the Contra Costa County Superior Court. Venue lies in the United States District Court for the Northern District of California because it is the district court for the district embracing the place where the state court action is pending. *See* 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).

## III. DIVISIONAL ASSIGNMENT

12. This action arises in Contra Costa County. Plaintiff alleges that she is an individual residing in the City of San Pablo, County of Contra Costa, State of

California, Exhibit A, ¶ 1, and she filed this action in the Contra Costa County Superior Court. On information and belief, the Subject Vehicle, the property that is the subject of this action, is situated in Contra Costa County, where Plaintiff resides. Civil actions that arise in Contra Costa County are assigned to the San Francisco Division or the Oakland Division. Civil L.R. 3-2(c), (d); *see also* Civil L.R. 3-5(b).

## IV. <u>NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL</u>

13. Contemporaneously with the filing of this Notice in the United States District Court for the Northern District of California, written notice of the removal will be given to Plaintiff's counsel of record, Maxwell Kreymer of MFS Legal Inc., and a copy of this Notice will be filed with the Clerk of the Superior Court of the State of California for the County of Contra Costa as required by 28 U.S.C. § 1446(d).

## V. <u>TIMELINESS OF REMOVAL</u>

14. A notice of removal in a civil action must be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b)(1); see also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).

15. Plaintiff served Defendant with the Summons and Complaint by personal service on Defendant's registered agent for service of process, CSC, on October 21, 2026. Bibbes Decl. ¶ 3, Exh. B. This Notice is timely because it is filed within thirty days of service. 28 U.S.C. § 1446(b)(1).

## VI. <u>PLAINTIFF'S COMPLAINT</u>

16. In the Complaint, Plaintiff seeks recovery under four causes of action.

17. Plaintiff brings the first cause of action for breach of express warranty under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1793.2(d), 1794), against all defendants, and seeks a civil penalty on this claim. Exhibit A, Complaint, ¶¶ 8-21.

///

///

18. Plaintiff brings the second cause of action for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1791.1, 1792, 1794), against all defendants. *Id.*, ¶¶ 22-30.

19. Plaintiff brings the third cause of action for violation of California Business and Professions Code section 17200 et seq., against all defendants. *Id.*, ¶¶ 31-51.

20. Plaintiff brings the fourth cause of action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., against all defendants. *Id.*, ¶¶ 52-62.

## VII. FEDERAL QUESTION JURISDICTION EXISTS

21. A defendant in state court may remove a civil action to federal court so long as the case could have originally been brought in federal court. 28 U.S.C. § 1441(a); *see City of Chicago*, 522 U.S. at 163.

22. Whether federal question jurisdiction exists is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).

23. Here, Plaintiff's fourth cause of action is pleaded under the Magnuson-Moss Warranty Act, a federal statute. Exhibit A, ¶¶ 52-62. Plaintiff alleges that she is a consumer, that HMA is a supplier and warrantor, and that the Subject Vehicle is a consumer product within the meaning of that Act, and she sues under the Act's private right of action for a warrantor's failure to comply with a written warranty. *Id.*, ¶¶ 53-56. That claim arises under federal law. Because the amount in controversy is at least $50,000, as shown below, this Court has original jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(3)(B).

## VIII. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

24. The Magnuson-Moss Warranty Act requires an amount in controversy of at least $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d)(3)(B).

25. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The Court looks first to the complaint and, where the amount is not facially apparent, may consider facts set forth in the notice of removal. Id. at 399; *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005). HMA denies that Plaintiff is entitled to any recovery; the figures are Plaintiff's allegations, taken as true for purposes of removal only.

26. The action arises out of Plaintiff's alleged acquisition, on April 10, 2021, of a 2021 Hyundai Palisade, Vehicle Identification Number KM8R14HE6MU286135 (the "Subject Vehicle"). Exhibit A, ¶ 7. Plaintiff alleges that the acquisition was a sale. *Id.*, ¶ 13.

27. Plaintiff alleges that she has sustained actual, incidental, and consequential damages in the approximate amount of the purchase price of the Subject Vehicle, and the Complaint prays for actual damages of $52,776.00. Exhibit A, ¶¶ 18, 27; Prayer ¶ (3).

28. The Complaint further prays for a declaration that the sales contract is rescinded; consequential and incidental damages; restitution of all consideration given by Plaintiff or paid toward the Subject Vehicle; a civil penalty of two times Plaintiff's actual damages under the Song-Beverly Act; reasonable attorney's fees; prejudgment interest; injunctive relief; and costs. Exhibit A, ¶¶ 16-21, 26-29; Prayer ¶¶ (1), (4)-(6), (8)-(13). On the Magnuson-Moss claim itself, Plaintiff seeks actual damages, consequential damages, specific performance, diminution in value, and costs, including statutory attorney fees. *Id.*, ¶ 62.

29. Taking Plaintiff's allegations at face value, the $52,776.00 in actual damages that Plaintiff demands alone exceeds the $50,000 threshold, exclusive of

interest and costs. A civil penalty of two times that amount, $105,552.00, as Plaintiff also seeks, would bring the total to $158,328.00 before any attorney's fees, costs, or prejudgment interest. Exhibit A, ¶ 20; Prayer ¶¶ (3), (6).

30. Based on the foregoing, and without conceding that Plaintiff is entitled to recover any amount, HMA has a good-faith belief, and it is more likely than not, that the amount in controversy is at least $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this action. 15 U.S.C. § 2310(d)(3)(B).

## IX. RESERVATION OF RIGHTS

31. HMA reserves the right to amend or supplement this Notice. By removing this action, HMA does not waive any defense, objection, or right available to it, and does not concede that Plaintiff's allegations are accurate or that Plaintiff is entitled to any of the relief requested.

## X. CONCLUSION

32. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's fourth cause of action arises under the Magnuson-Moss Warranty Act and the amount in controversy is at least $50,000, exclusive of interest and costs, 15 U.S.C. § 2310(d)(3)(B), and it has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a). Removal is proper under 28 U.S.C. §§ 1441(a) and 1446. HMA respectfully requests that this action proceed in this Court as an action properly removed.

Dated: November 20, 2026

**ONGARO PC**

By: */s/ Kirsten McNelly Bibbes*
Kirsten McNelly Bibbes
Attorneys for Defendant
HYUNDAI MOTOR AMERICA

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1604 Union Street, San Francisco, CA 94123. On November 20, 2026, I served a true copy of the following document described as:

**DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331, 1441(a), AND 1446**

on the interested party(ies) in this action as follows:

Maxwell Kreymer
MFS Legal Inc.
21143 Hawthorne Blvd., #514
Torrance, California 90503
Telephone: (562) 379-2654
eservice@calemonlawteam.com;
lawclerk@calemonlawteam.com
Attorneys for Plaintiff,
ANGELICA VIERRA

**[X] SERVICE BY ELECTRONIC TRANSMISSION/E-MAIL:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the document(s) on the date shown below to the e-mail addresses of the persons listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2026, at San Francisco, California.

Emily Groleski